RANDOLPH, Justice,
Specially Concurring.
¶ 230. The dissent authored by my respected colleague, Justice Kitchens, incorrectly suggests that the majority fell far short of the level of a thorough and objective analysis, while only claiming to examine with heightened scrutiny, versus an actual heightened scrutiny. Heightened scrutiny for appellate review does not alter or elevate the burden of proof beyond a reasonable doubt. The dissent’s implication that the majority failed to honestly call “a ball a ball and a strike a strike” is not only incorrect, but in error. These criticisms do little to advance the administration of justice.
¶ 231. Had my colleague been the twelfth juror, he very well may have swayed the other jurors to look through the lens prescribed in his dissent. Perhaps his skillful arguments would have convinced them to conclude a capital offense had not occurred. However, as succinctly laid out in the majority opinion, buttressed by Justice Dickinson’s excellent concurrence, the facts presented to the jury in the guilt phase were sufficient to support its finding of capital murder. The law does not require jurors to find guilt beyond all doubt, i.e., absolute certainty, but rather only beyond a reasonable doubt. This allows a zone of residual doubt to exist without offending notions of fairness and justice.
¶ 232. The dissent decries that the record is devoid of credible evidence on the question of robbery, asserting not “a sliver of evidence” supports the jury’s determi *677 nation. To support this assertion, the dissent states that we know from the record that Mrs. Yates took her wallet into the motel office, and returned to the car with the wallet. Dis. Op. ¶ 252. Having read the record multiple times, I find no such testimony. The desk clerk, Pearl Boul-ware, never referred to Yates using a wallet at check-in. The desk clerk, Pearl Boulware, never referred to seeing a wallet. (Record at 468-75).
¶ 233. Next, the dissent finds significance in the “absence of biological matter on the wallet, ...” According to the dissent, this absence “suggests more heavily than not, that the wallet was absent....” Dis. Op. ¶ 255. An interpretation which fails to appreciate that other physical evidence found in the defendant’s car showed no evidence of biological matter.
¶234. The dissent concludes that the penalty should be life, as opposed to death. The jurors, who were already satisfied beyond a reasonable doubt that the State proved robbery, heard additional evidence during the sentencing phase. The jury was required to consider whether any one of five elements of aggravation existed, in determining whether the death penalty should be imposed. The sentencing instruction required a separate finding by the jury, once again beyond a reasonable doubt, that one or more of the aggravating circumstances existed, before it could return a death penalty sentence.
¶235. In its consideration of aggravating circumstances, with additional evidence before them, the jury once again concluded unanimously that one of the aggravating circumstances, among others, was:
(3) [t]he capital offense was committed while the defendant was engaged in the commission of robbery.
¶ 236. Before the jury made its ultimate decision, any vestige of doubt regarding the whereabouts of the money found in the wallet[36] was answered by the testimony of the defendant’s mother, who testified that on the night of the crime, the defendant was at her house. He talked on the phone twice. During the second call, she listened to the conversation on another phone. Goff was talking to a woman, and “the girl said, ‘Joseph you can’t just put me in a motel and go off and leave me.’ ‘I’m hungry.’ And he said, T left you $500.00.’ And she said, ‘But there’s nothing to eat here.’ ”
¶ 237. The defendant’s own words belie the dissent’s alternative reasonable inference theory. There has been no miscarriage of justice. There is overwhelming evidence of guilt. The majority reviewed this case under the required heightened scrutiny standard. The majority concluded that there was. substantial evidence in support of the result, and it cannot fairly be said that no reasonable juror could have found otherwise.
¶ 238. I choose to follow the view announced by Chief Justice Burger of the United States Supreme Court for that Court not to retry cases de novo on appeal, nor to close my eyes to the reality of overwhelming evidence of guilt fairly established. See Milton v. Wainwright, 407 U.S. 371, 377, 92 S.Ct. 2174, 2178, 33 L.Ed.2d 1, 6-7 (1972).
CARLSON, P.J, DICKINSON, LAMAR AND PIERCE, JJ., JOIN THIS OPINION.

. More precisely, the money found in defen-danl's fleeing auto.